**RICHARD G. HYPPA**
**Attorney at Law**
**SBN 104547**
**TRACY LAW CENTER**
120 E. 12th St.
Tracy, CA 95376

Phone: (209) 836-9288
Facsimile: (209) 836-9288
Email: hyppattrny@aol.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HALLON, an individual, | Case No. |
| Plaintiffs, | COMPLAINT FOR DAMAGES: |
| vs. | 1. §1983, §1985, §1988: Violation of 1st, 4th, 5th, and 14th Amendments |
| CITY OF STOCKTON, a municipality; STOCKTON POLICE DEPARTMENT, a department of a municipality; OFFICER CHRISTOPHER SLATE, an individual; OFFICER KYLE PIERCE, an individual; OFFICER MITCHELL TINER, an individual; OFFICER CARLOS VINA JR., an individual, and DOES 1-60. | 2. BATTERY; 3. FALSE ARREST, IMPRISONMENT & MALICIOUS CRIMINAL PROSECUTION; 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; 5. NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6. VIOLATION OF PUBLIC POLICY; 7. CONSPIRACY |
| Defendants. | DEMAND FOR JURY TRIAL |

1

)
)
)
)
)
)
)
)

Plaintiff CHRISTOPHER HALLON (referred to herein as "Plaintiff") hereby complains against Defendants and each of them as follows:

## I. JURISDICTION AND VENUE

1. This action is brought in the United States District Court, under 42 U.S.C. § 1983 to recover damages against Defendants and each of them for violation of Plaintiff's rights guaranteed by the FIRST, FOURTH, FIFTH, and FOURTEENTH Amendments of the United States Constitution. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. The court also has jurisdiction over the state claims herein.

## II. THE PARTIES

3. Plaintiff is and at all times mentioned in this complaint was a citizen of the United States residing in the City of Stockton, County of San Joaquin, State of California. At the time of the allegations in this complaint, Plaintiff was a 29 year old, African American male and was and is citizen of the United States of America.

4. Plaintiff is informed and believe and thereon allege that Defendant City of Stockton was at all times mentioned in this complaint a municipality located in the County of San Joaquin, State of California, organized and existing under the laws of the

State of California, with the capacity to sue and to be sued, with a law enforcement department or division commonly referred to as Stockton Police Department ("SPD"). Defendant City of Stockton and Defendant SPD were at all times mentioned in this complaint acting under color of state law. Defendant City of Stockton and Defendant SPD were at all times mentioned the employer and supervisor of the officer defendants sued herein, including those sued as unknown DOE defendants, and are and were responsible and vicariously liable for the wrongful acts and omissions of its employees, officers, representatives and agents committed within the course and scope of employment and agency as alleged herein.

5. Plaintiffs are informed and believe and thereon allege that Defendant Officer CHRISTOPHER SLATE ("Officer SLATE") is, and was at all times mentioned in this complaint, a police officer employed by Defendants City of Stockton and Stockton Police Department and at all times was acting in the course and scope of his employment and acting under color of state law and the authority invested in him by Defendants City of Stockton and Stockton Police Department. Defendant SLATE is sued in his official and personal capacity.

6. Plaintiffs are informed and believe and thereon allege Plaintiffs are informed and believe and thereon allege that Defendant Officer KYLE PIERCE ("Officer PIERCE") is, and was at all times mentioned in this complaint, a police officer employed by Defendants City of Stockton and Stockton Police Department and at all times was acting in the course and scope of his employment and acting under color of state law and the authority invested in him by Defendants City of Stockton and Stockton Police Department. Defendant PIERCE is sued in his official and personal capacity.

7. Plaintiffs are informed and believe and thereon allege that Defendant Officer MITCHELL TINER ("Officer TINER") is, and was at all times mentioned in this complaint, a police officer employed by Defendants City of Stockton and Stockton Police Department and at all times was acting in the course and scope of his employment and acting under color of state law and the authority invested in him by Defendants City of Stockton and Stockton Police Department. Defendant TINER is sued in his official and personal capacity.

8. Plaintiffs are informed and believe and thereon allege that Defendant CARLOS VINA, JR. ("Officer VINA") is, and was at all times mentioned in this complaint, a police officer employed by Defendants City of Stockton and Stockton Police Department and at all times was acting in the course and scope of his employment and acting under color of state law and the authority invested in him by Defendants City of Stockton and Stockton Police Department. Defendant VINA is sued in his official and personal capacity.

9. At all times relevant defendant officers and others acting in concert with them were wearing SPD uniforms and driving in SPD marked patrol vehicles and Plaintiffs are informed and believe that they were on duty and acting under the supervision, control or command of one of the named defendants or other unknown SPD officers sued as DOE defendants who are somehow responsible for their acts or injuries to Plaintiffs herein.

10. At all times herein mentioned each of the Defendants sued herein as DOES 1 through 20 were uniformed officers who incited, assisted, caused, condoned, conspired with and/or covered up the wrongs of the named officer defendants SLATE, PIERCE, TINER and VINA and DOES 1 through 20 and the foregoing named officer defendants

and any other officers acting in concert with them shall herein be referred to as the "Defendant officers" or the "officer defendants".

11. At all times herein mentioned each of the Defendants sued herein as DOES 21 through 60 were responsible in some unknown manner for plaintiff's injuries and damages alleged herein, including unknown individuals, entities, agencies, officers, hiring ranking supervising officers and officials responsible, for among other things, negligently hiring, training, retention, supervising, briefing, directing, ordering, enabling, controlling, causing, condoning, disciplining, participating in or failing to report or prevent the wrongful acts of the other defendants or protect plaintiffs from injury and violation of their rights (when they had a duty to do so), or otherwise responsible for other wrongful acts and omissions of themselves and/or other defendants sued herein, and/or who engaged in a conspiracy with other defendants, while acting in their individual capacity, and/or their official capacity within the purpose and scope of such agency or employment, and who are otherwise responsible for other wrongful acts and omissions as yet unknown, and which conduct was the proximate or legal cause of Plaintiffs' injuries and/or damages alleged herein.

### III. UNLAWFUL DETENTION, ASSAULT AND USE OF TASER BY DEFENDANTS

12. The events described herein began on January 15, 2010 and continued to January 16, 2010. On January 15, 2010, at approximately 8:10 p.m., Plaintiff was lawfully walking on Sutter Street in downtown Stockton, California with his friend, MYRON WATTS. Plaintiff was not the subject of any law enforcement warrants for his arrest, did not have possession of any drugs or any contraband of any kind, had not committed any

1 | crime or been an accomplice to any crime and did not engage in any conduct of any kind
2 | which could be reasonably interpreted to give any law enforcement personnel probable
3 | cause or reasonable suspicion to arrest or detain Plaintiff.

4 | 13.   At the time described in the preceding paragraph, SPD Officers PIERCE and
5 | SLATE were driving their police vehicle in the area of Sutter Street in downtown
6 | Stockton, California. Acting without any reasonable suspicion or probable cause, Officer
7 | PIERCE exited the police vehicle and forcefully grabbed Plaintiff, without first speaking
8 | to Plaintiff. Officer PIERCE pulled Plaintiff's right arm behind his back, and began to
9 | push Plaintiff to the ground while Plaintiff told Officer PIERCE that Plaintiff was not on
10 | probation and Plaintiff had not done anything wrong.

11 | 14.   Thereafter, Officer PIERCE continued to push Plaintiff down, and forced Plaintiff
12 | to the ground. Officers VINA and TINER arrived and also began striking Plaintiff, who
13 | continued to yell that he had not done anything wrong and that he was down, so that the
14 | officers would cease their attacks on him. Officer SLATE also joined in the attack, using
15 | his police baton to strike Plaintiff on his head and on his torso and his legs. All four
16 | officers continued to violently attack Plaintiff with fists, by kicking and striking Plaintiff
17 | with their batons against Plaintiff, who was fearful that he would suffer serious injury,
18 | permanent injury or death.

19 | 15.   As the three other officers continued to batter Plaintiff, Officer TINER drew his
20 | Taser and approached Plaintiff, who was attempting to defend himself against the
21 | continuing fist punches, kicks and baton strikes on multiple areas of his body from the
22 | three other officers. Plaintiff was yelling for the officers to stop their attacks against him.
23 | Officer TINER then fired his Taser at Plaintiff repeatedly, striking Plaintiff in his genitals

and other portions of his body. The officers than stopped their attacks on Plaintiff.

16. Plaintiff was then taken to San Joaquin County General Hospital for treatment for his injuries. After he received treatment, Plaintiff was arrested and was charged with various crimes, including resisting arrest and battery on a police officer, and loitering, which the SPD claimed was the underlying crime that caused them to initially detain Plaintiff.

17. On January 16, 2010, Plaintiff filed a CITIZEN COMPLAINT on a Citizen Complaint Form with the Internal Affairs Section of the SPD.

## IV. FABRICATED CRIMINAL CHARGES

18. Officers SLATE, VINA, TINER and PIERCE and DOES 1 through 10 caused Plaintiff to be falsely arrested, jailed and criminally prosecuted by the San Joaquin County District Attorney for fabricated alleged violations of Penal Code Sections 148 (a) (1), 243 (b) and for loitering, without probable cause and to attempt to cover up their unjustified use of force against an unarmed man, Plaintiff.

19. Plaintiff refused to plead guilty or no contest to any of the charges brought against him. Plaintiff was offered dismissal of all charges, if he stipulated that legal grounds existed for his detention by Officer PIERCE as described above. Since no legal grounds existed for Plaintiff's detention by Officer PIERCE, Plaintiff refused to accept that offer.

20. On October 28, 2010, the San Joaquin County District Attorney dismissed all charges against Plaintiff arising from the incident described above.

## V. DAMAGES

21. During and in the aftermath of the police brutality and excessive use of force described above, Plaintiff suffered general and special damages from physical, mental

and emotional trauma inflicted by the defendant officers, including bodily injury, pain, suffering, post traumatic distress, mental anguish, depression, worry, anxiety, shame and fear and has incurred related medical expenses for treatment for the injuries that he suffered at the hands of the defendant officers.

## VI. GOVERNMENT TORT CLAIM

22. On or about July 12, 2010 Plaintiff caused to be hand-delivered his claim to Defendant City of Stockton through its City Clerk for the injuries, disability, losses, and damages suffered and incurred by them by reason of the above-described occurrence involving the SPD police officers SLATE, PIERCE, TINER and VINA involved in the attack on Plaintiff on January 15, 2010 at and near the intersection of Church and Sutter Streets, Stockton, California and the ensuing false arrest, imprisonment and malicious prosecution, in compliance with the requirements of Govt. Code § 905. A copy of the claim is attached hereto as *Exhibit A* and made a part hereof.

23. On or about August 26, 2010, Defendant City of Stockton provided notice to Plaintiff stating that his was deemed rejected as of August 26, 2010.

## VII. FIRST CLAIM
### Violations of 1st, 4th, 5th, and 14th Amendments
### 42 U.S.C. §1983, §1985, and §1988
### (Against All Named Defendants & DOE Defendants)

22. The aforementioned allegations, and each of them, are incorporated into this claim, as though set forth in full herein.

23. The above facts establish that defendants and each of them during the stop, detention, arrest, use of force investigation, incarceration, and/or criminal prosecution violated Plaintiff's constitutional and civil rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.