1
2
3
4
5              IN THE UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    CHRISTOPHER HALLON,              )
                                      )    2:11-cv-00462-GEB-GGH
9              Plaintiff,             )
                                      )
10        v.                          )    ORDER*
                                      )
11   CITY OF STOCKTON, et al.,        )
                                      )
12             Defendants.            )
     _____ )

13

14        Plaintiff moves for an order "extending the date for [e]xpert

15   [w]itness [d]isclosures . . . or, alternatively, for relief from

16   Plaintiff's counsel's failure to disclose expert witness information by

17   the [c]ourt-ordered date of March 27," 2012. (Mot. 1:20-23, ECF No. 39.)

18   Plaintiff' motion is essentially a request that the court amend the

19   prior pretrial order to allow Plaintiff to disclose an expert witness on

20   the use of police force after the prescribed expert witness disclosure

21   date.  (Mot. 3:4-7.)  A pretrial scheduling order issued on May 07,

22   2011, scheduling January 27, 2012, as the deadline for disclosure of

23   expert witnesses and March 19, 2012 as the expert discovery completion

24   date. (ECF No. 8.)

25        The pretrial scheduling order may only be modified if the

26   movant for modification shows that "good cause," prescribed in Federal

27   _____

28        *   This matter is deemed suitable for decision without oral
     argument.  E.D. Cal. R. 230(g).

Rule of Civil Procedure 16(b)(4), justifies the modification.  However, efforts to efficiently resolve cases "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.  Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of the University of California, 410 F.3d 1052, 1061 (9th Cir. 2005). Moreover, the scheduling order in this case unequivocally states that "[a]n expert witness not appearing on the designation will not be permitted to testify unless the party offering he witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition." (ECF No. 8 at 2:19-25.)

Plaintiff makes the conclusory argument that good cause exists to extend the prescribed expert witness disclosure date because the parties previously agreed to extend the date for ordinary discovery, and thus, "Plaintiff's counsel reasonably believed that the expert witness disclosure deadline would also be extended." (Mot. 2:4-7.)  Defendants disagree, arguing that the parties only agreed to extend the dates for depositions because of scheduling issues. The parties' filing concerning an extension does not support Plaintiff's argument.

Further, Plaintiff fails to sufficiently explain why the need for an expert on excessive force was not realized earlier in the proceeding.  Therefore, Plaintiff has failed to adequately support his contention that "good cause" justifies the scheduling order amendment

sought.   See Wong, 410 F.3d at 1060 (denying motion to disclose additional experts after the disclosure deadline because movant failed to demonstrate why "he could not reasonably have anticipated the need for the additional witnesses as of the date set by the pretrial order . . . to identify expert witnesses.")

Since Plaintiff has not shown that "good cause" justifies amending the expert disclosure dates in the scheduling order, Plaintiff's motion is DENIED.

Dated:  May 31, 2012

GARLAND E. BURRELL, JR.
United States District Judge