IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HALLON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF STOCKTON, a municipality; STOCKTON POLICE DEPARTMENT, a department of a municipality; OFFICER CHRISTOPHER SLATE, an individual; OFFICER KYLE PIERCE, an individual; OFFICER MITCHELL TINER, an individual; OFFICER CARLOS VINA JR., an individual; and DOES 1-60,<br><br>        Defendants. | 2:11-cv-00462-GEB-GGH<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

        Plaintiff filed a "Notice of Settlement" on July 16, 2012, in which he states: "[Plaintiff] and [Defendants] have settled the above-entitled matter. The settlement is conditioned on obtaining approval of the City of Stockton City Council and the approval of the United States Bankruptcy Court, Eastern District of California, in the matter of City of Stockton, Debtor, case no. 2012-32118." (ECF No. 48.)

        Therefore, a dispositional document shall be filed no later than October 22, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to

file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, in light of the referenced settlement, the final pretrial conference is continued to commence at 1:30 p.m. on October 29, 2012, and the trial is continued to commence at 9:00 a.m. on January 15, 2013, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint pretrial statement shall be filed seven (7) days prior to the final pretrial conference.

IT IS SO ORDERED.

Dated: July 17, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] These dates will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2